### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS GABRIEL PEREZ VALENCIA, | ) ) ) | CASE NO. 4:10CV2087 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| R. RUSHING, | ) ) ) | **MEMORANDUM OPINION** |
| DEFENDANT. | ) ) ) | |

On September 17, 2010, plaintiff Carlos Valencia filed a *pro se* complaint against "R. Rushing," who is apparently the Warden of the Northeast Ohio Correctional Center ("NEOCC"), where plaintiff was then incarcerated, having been sentenced by the United States District Court for the Northern District of Illinois for possession with intent to distribute more than five kilograms of cocaine.[1] In his complaint, brought under 42 U.S.C. § 1983,[2] he asserts that his right under the Eighth Amendment not to be subjected to cruel and unusual punishment has been violated because "C.C.A. and its Dental Department" have failed to provide him with partial dentures that he claims to need. The relief he seeks is "[d]ental care to put a [sic] implant prothesis [sic] (bridges)." Complaint (Doc. No. 1), Section V, p. 5.

---

[1] *See United States v. Valencia*, No. 1:-6cr00948 (N.D. Ill.) (Doc. No. 140).

[2] Plaintiff formerly sought the very same relief by filing a petition for habeas corpus under 28 U.S.C. § 2241. On August 4, 2010, Judge Christopher A. Boyko dismissed the action without prejudice because Section 2241 is an improper vehicle for bringing such a claim. Judge Boykon noted that Valencia's claim should be brought "in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." *Valencia v. Rushing*, No. 4:10cv1232, Doc. No. 4, at 2.

On February 17, 2011, defendant filed a motion to dismiss, which was fully briefed by April 6, 2011. *See* Doc. Nos. 6, 9 and 10. Defendant argued that, construing the improperly filed § 1983 claim as a claim under *Bivens*, it must be dismissed because (1) to the extent it can be construed as having been brought against the institution, as a matter of law, a *Bivens* claim may only be maintained against an individual, not an organization; (2) *respondeat superior* liability may not be imposed upon Warden Rushing in his individual capacity for denial of dental care because the complaint fails to allege that he had any involvement with the alleged denial of care; (3) a disagreement with the course of treatment recommended by prison dental personnel does not constitute an actionable Eighth Amendment violation; and (4) the complaint fails to state a claim for injunctive relief or mandamus. (Doc. No. 6.)

While the motion to dismiss was pending, defendant filed a motion for summary judgment. *See* Doc. No. 11. In this motion, defendant seeks judgment because (1) plaintiff has been released from prison[3] and, therefore, is no longer entitled to the injunctive relief that he seeks in his complaint; and (2) plaintiff failed to exhaust his administrative remedies and would not be entitled to any relief with respect to his claims.

Given the above facts, since plaintiff's complaint seeks only an order for dental care to be provided by the institution where he was incarcerated, since he is no longer in custody and is not expected to return to custody, his entire complaint has been rendered moot.[4] *See, e.g.*, *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (an inmate's claim for injunctive relief is rendered moot by his transfer to a different facility); *Goar v. Civiletti*, 688 F.2d 27, 29

---

[3] Plaintiff was released on April 22, 2011 and has completed his sentence. *See* Daugherty Aff. ¶¶ 3-4.

[4] Although, in his opposition to defendant's motion to dismiss, plaintiff includes a "prayer for relief" seeking compensatory damages, this is not a proper amendment to the complaint and the Court, therefore, does not construe the complaint as alleging a claim for damages.

2

(6th Cir. 1982) (where a former prisoner alleged that his conditions of confinement were unconstitutional, "the injunctive relief sought is now moot since Goar is no longer imprisoned."). Therefore, there is no live case or controversy for this Court to resolve, that is, even if this Court were to resolve the pending motions in plaintiff's favor, he would no longer be entitled to the only relief he sought, namely, dental care provided by NEOCC.

Accordingly, this action is **DISMISSED WITH PREJUDICE**. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.


Dated: May 9, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**